IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT LEE NUTTING,

Plaintiff,

v.

LISA M. PAYNE,

Defendant.

ORDER

Case No. 26-cv-638-jdp

In an order entered on October 7, 2026, plaintiff Scott Lee Nutting was granted leave to proceed against defendant Lisa M. Payne. The Wisconsin Department of Justice filed a notice indicating that it does not appear on behalf of defendant Lisa M. Payne. Because plaintiff paid the full $405 filing fee, he is not proceeding *in forma pauperis*, which means that 28 U.S.C. § 1915(d) does not require that the court effect service on his behalf. Rather, I am directing the clerk's office to forward the summons, complaint and a copy of the court's October 7, 2026, screening order to the plaintiff to serve on defendant Lisa M. Payne following a method approved under Fed. R. Civ. P. 4. Attached to this order is the "Procedure for Serving a Complaint on an Individual in a Federal Lawsuit."

ORDER

IT IS ORDERED that the clerk's office is directed to forward the summons and a copy of the complaint, the court's October 7, 2026, screening order to plaintiff to arrange for service

on defendant Lisa M. Payne. Plaintiff is to promptly serve defendant Lisa M. Payne and file proof of service as soon as service has been accomplished.

Entered this 12th day of November, 2026.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge

# PROCEDURE FOR SERVING A COMPLAINT ON INDIVIDUALS IN A FEDERAL LAWSUIT

A plaintiff suing an individual in federal court may satisfy the service requirements of Fed. R. Civ. P. 4 by following one of two procedures.

**Service must be accomplished under either Option One or Option Two within the deadline set forth in Fed. R. Civ. P. 4(m).**

## Option One: Service by Summons

If plaintiff chooses this method of service, plaintiff must

- obtain a signed and court-sealed summons from the clerk's office (a summons for each defendant is included with this memorandum);
- arrange for someone who is at least 18 years old and is not a party to the lawsuit to

    1) deliver the signed and sealed summons and a copy of the complaint to each defendant personally; OR

    2) leave the summons and complaint at the defendant's house with a person of suitable age and discretion who lives there with the defendant; OR

    3) deliver the summons and complaint to an agent authorized by appointment or by law to receive service of process on the defendant's behalf; OR

    4) serve defendant in accordance with state law, Fed. R. Civ. P. 4(e)(1). A copy of Wis. Stat. § 801.11 is enclosed.

- file with the court an affidavit of the person who effected service of the summons and complaint upon each defendant. Fed. R. Civ. P. 4(*l*).

Option Two: Service by Waiver

If plaintiff chooses this method of service, plaintiff must

- address a large envelope to each individual defendant and place the following documents inside:

    1) one copy (filled out by plaintiff) of the Notice of a Lawsuit and Request to Waive Service of a Summons form (available at www.wiwd.uscourts.gov);

    2) two copies of the form titled Waiver of the Service of Summons (also available at www.wiwd.uscourts.gov). Plaintiff should complete the caption at the top of each copy by filling out the names of the plaintiff and defendants and the case number assigned by the court;

    3) a copy of the complaint;

    4) a self-addressed, stamped envelope for the officer or agent's use in returning the waiver form to plaintiff;

- mail the envelope to each defendant by first-class mail or other reliable means;

- allow each defendant at least 30 days to return the waiver from the date on which the request is sent;

- upon receipt of the signed Waiver of the Service of Summons form, mail a copy to the court for filing as proof of service.

**Note well:** A defendant is not required to return a Waiver of the Service of Summons form. If a defendant does not return the waiver form, plaintiff must serve that defendant using Option One.

(a) Personal or substituted personal service shall be proved by the affidavit of the server indicating the time and date, place and manner of service; that the server is an adult resident of the state of service or, if service is made in this state, an adult resident of this state or of Illinois, Iowa, Michigan, or Minnesota and is not a party to the action; that the server knew the person served to be the defendant named in the summons; and that the server delivered to and left with the defendant an authenticated copy of the summons. If the defendant is not personally served, the server shall state in the affidavit when, where and with whom the copy was left, and shall state such facts as show reasonable diligence in attempting to effect personal service on the defendant. If the copy of the summons is served by a sheriff or deputy sheriff of the county in this state where the defendant was found, proof may be by the sheriff's or deputy's certificate of service indicating time and date, place, manner of service and, if the defendant is not personally served, the information required in the preceding sentence. The affidavit or certificate constituting proof of service under this paragraph may be made on an authenticated copy of the summons or as a separate document.

(b) Service by publication shall be proved by the affidavit of the publisher or printer, or the foreman or principal clerk, stating that the summons was published and specifying the date of each insertion, and by an affidavit of mailing of an authenticated copy of the summons, with the complaint or notice of the object of the action, as the case may require, made by the person who mailed the same.

(c) The written admission of the defendant, whose signature or the subscription of whose name to such admission shall be presumptive evidence of genuineness.

**History:** Sup. Ct. Order, 67 Wis. 2d 585, 600 (1975); 1975 c. 218; Sup. Ct. Order, 92 Wis. 2d xiii (1979); 2005 a. 439.

**Judicial Council Committee's Note, 1979:** Sub. (2) is amended to clarify that the individual who serves the summons on behalf of the plaintiff under the procedures in the Wisconsin Rules of Civil Procedure must indicate on the copy of the summons served both the time and date of service. There is presently a lack of uniformity of interpretation in Wisconsin of the term "time" in s. 801.10 (2). Some jurisdictions interpret it to include time and date of service while other jurisdictions interpret it as only the date of service. Clarifying that both the time and date of service must be indicated in the serving of the summons will insure that this potentially valuable information is noted on the served copy of every summons in Wisconsin.

Sub. (4) (a) is amended to also apply the requirement for indicating time and date of service to the affidavits and certificates of service used when proof of service is challenged. [Re Order effective Jan. 1, 1980]

A party is required to show strict compliance with the requirements of this section when service is challenged. Dietrich v. Elliott, 190 Wis. 2d 816, 528 N.W.2d 17 (Ct. App. 1995).

Service by a nonresident constitutes a fundamental defect compelling dismissal for lack of jurisdiction. Bendimez v. Neidermire, 222 Wis. 2d 356, 588 N.W.2d 55 (Ct. App. 1998), 98-0656.

Sub. (4) does not require the affiant to have first hand knowledge of how the documents were authenticated, nor does it require that the affiant's statements must be unqualified; it requires that the affiant affirm that an authenticated copy of the summons was served. State v. Boyd, 2000 WI App 208, 238 Wis. 2d 693, 618 N.W.2d 251, 99-2633.

The trial court was not required to find excusable neglect for failing to file a timely answer due to a process server's failure to endorse and date the summons and complaint as required under sub. (2) when the failure to answer in a timely manner amounted to nothing more than carelessness and inattentiveness on the part of the parties involved. Williams Corner Investors, LLC v. Areawide Cellular, LLC, 2004 WI App 27, 269 Wis. 2d 682, 676 N.W.2d 168, 03-0824.

An affidavit of service is entitled to a presumption of correctness. If the affidavit sets forth prima facie evidence of proper service, the defendant must provide proof that clearly and satisfactorily disputes the facts set forth. The court has discretion regarding the nature of proof considered, including witnesses, which may be preferable when the issue of service is largely a matter of credibility because the evidence is irreconcilably in conflict. Culver v. Kaza, 2021 WI App 57, 399 Wis. 2d 131, 963 N.W.2d 865, 20-0309.

Under sub. (4) (a), a process server who is unable to effect personal service is directed to state such facts as show reasonable diligence in attempting to effect personal service on the defendant. The statute imposes a duty by law that undoubtedly will include hearsay at times. A process server's affidavit is clothed with circumstantial guarantees of trustworthiness comparable to the recognized hearsay exceptions. Culver v. Kaza, 2021 WI App 57, 399 Wis. 2d 131, 963 N.W.2d 865, 20-0309.

**801.11 Personal jurisdiction, manner of serving summons for.** A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

**(1)** NATURAL PERSON. Except as provided in sub. (2) upon a natural person:

(a) By personally serving the summons upon the defendant either within or without this state.

(b) If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode:

1. In the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof;

1m. In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons; or

2. Pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made.

(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

(d) In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

**(2)** NATURAL PERSON UNDER DISABILITY. Upon a natural person under disability by serving the summons in any manner prescribed in sub. (1) upon the person under disability and, in addition, where required by par. (a) or (b), upon a person therein designated. A minor 14 years of age or older who is not adjudicated incompetent and not otherwise under guardianship is not a person under disability for purposes of this subsection.

(a) Where the person under disability is a minor under the age of 14 years, summons shall be served separately in any manner prescribed in sub. (1) upon a parent or guardian having custody of the child, or if there is none, upon any other person having the care and control of the child. If there is no parent, guardian or other person having care and control of the child when service is made upon the child, then service of the summons shall also be made upon the guardian ad litem after appointment under s. 803.01.

(b) Where the person under disability is known by the plaintiff to be under guardianship of any kind, a summons shall be served separately upon the guardian in any manner prescribed in sub. (1), (5) or (6). If no guardian has been appointed when service is made upon a person alleged by the plaintiff to be incompetent to have charge of the person's affairs, then service of the summons shall be made upon the guardian ad litem after appointment under s. 803.01.

**(3)** STATE. Upon the state, by delivering a copy of the summons and of the complaint to the attorney general or leaving them at the attorney general's office in the capitol with an assistant or clerk.

**(4)** OTHER POLITICAL CORPORATIONS OR BODIES POLITIC. (a) Upon a political corporation or other body politic, by personally serving any of the specified officers, directors, or agents:

1. If the action is against a county, the chairperson of the county board or the county clerk;

2. If against a town, the chairperson or clerk thereof;

3. If against a city, the mayor, city manager or clerk thereof;

4. If against a village, the president or clerk thereof;

5. If against a technical college district, the district board chairperson or secretary thereof;

6. If against a school district or school board, the president or clerk thereof; and

7. If against any other body politic, an officer, director, or managing agent thereof.

(b) In lieu of delivering the copy of the summons to the person specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

**(5)** DOMESTIC OR FOREIGN CORPORATIONS OR LIMITED LIABILITY COMPANIES, GENERALLY. Upon a domestic or foreign corporation or domestic or foreign limited liability company:

(a) By personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

(b) If with reasonable diligence the defendant cannot be served under par. (a), then the summons may be served upon an officer, director or managing agent of the corporation or limited liability company by publication and mailing as provided in sub. (1).

(c) By serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

(d) If against any insurer, to any agent of the insurer as defined by s. 628.02. Service upon an agent of the insurer is not valid unless a copy of the summons and proof of service is sent by registered mail to the principal place of business of the insurer within 5 days after service upon the agent. Service upon any insurer may also be made under par. (a).

**(6)** PARTNERS AND PARTNERSHIPS. A summons shall be served individually upon each general partner known to the plaintiff by service in any manner prescribed in sub. (1), (2) or (5) where the claim sued upon arises out of or relates to partnership activities within this state sufficient to subject a defendant to personal jurisdiction under s. 801.05 (2) to (10). A judgment rendered under such circumstances is a binding adjudication individually against each partner so served and is a binding adjudication against the partnership as to its assets anywhere.

**History:** Sup. Ct. Order, 67 Wis. 2d 585, 602 (1975); 1975 c. 218; 1977 c. 339 s. 43; 1979 c. 89, 102, 177; 1983 a. 192 s. 303 (2); 1985 a. 225; Sup. Ct. Order, 130 Wis. 2d xix (1986); 1993 a. 112, 184, 265, 399, 491; 1997 a. 140; 1999 a. 32; 2005 a. 387.

**Cross-reference:** As to service on corporation, see also s. 180.0504.

**Judicial Council Note, 1986:** Sub. (1) (b) is amended to permit substituted service upon residents of other states. Service upon nonresidents may be made either as provided for Wisconsin residents or in accordance with the substituted service rule of the state wherein service is made. [Re Order eff. 7-1-86]

There is no requirement in cases of substituted service that the affidavit recite that the process server used "reasonable diligence" in attempting to make personal service, but substituted service after two calls when the defendant was not found, with no effort to learn where the defendant was, was not sufficient to support jurisdiction. Heaston v. Austin, 47 Wis. 2d 67, 176 N.W.2d 309 (1970).

When a village was a defendant, service was void when it was made upon the clerk's spouse in the clerk's absence. Town of Washington v. Village of Cecil, 53 Wis. 2d 710, 193 N.W.2d 674 (1972).

"Apparently in charge of the office" in sub. (5) (a) refers to what is apparent to the process server. When a receptionist referred the process server to the receptionist's superior, who did not send the server to the proper office, the server could serve the superior, particularly since the superior had accepted service of process in other actions without objection by the company. Keske v. Square D Co., 58 Wis. 2d 307, 206 N.W.2d 189 (1973).

When personal jurisdiction is challenged under the "long arm" statutes, the burden is on the plaintiff to prove prima facie the facts supporting jurisdiction. A plaintiff who relies on sub. (5) is required to establish as a predicate that the defendant entered into some consensual agreement with the plaintiff that contemplated a substantial contact in Wisconsin. Afram v. Balfour, Maclaine, Inc., 63 Wis. 2d 702, 218 N.W.2d 288 (1974).

No presumption of due service was raised when an affidavit of service under sub. (5) (a) did not identify the person served as the one specified in sub. (5) (a). Danielson v. Brody Seating Co., 71 Wis. 2d 424, 238 N.W.2d 531 (1976).

The prerequisite "due diligence" for service by publication was not established, despite the sheriff's affidavit, when a husband could have ascertained his wife's address by contacting any one of several relatives or in-laws. West v. West, 82 Wis. 2d 158, 262 N.W.2d 87 (1978).

A county civil service commission is a "body politic" under sub. (4) (a) 7. Watkins v. Milwaukee County Civil Service Commission, 88 Wis. 2d 411, 276 N.W.2d 775 (1979).

The exact identity and job title of the person upon whom service was made was not critical to whether the person was "apparently in charge of the office" under sub. (5) (a). Horrigan v. State Farm Insurance Co., 106 Wis. 2d 675, 317 N.W.2d 474 (1982).

Discussing "reasonable diligence" under sub. (1). Welty v. Heggy, 124 Wis. 2d 318, 369 N.W.2d 763 (Ct. App. 1985).

Indian tribal sovereignty is not infringed by service of process in a state action made on tribal lands. Landreman v. Martin, 191 Wis. 2d 787, 530 N.W.2d 62 (Ct. App. 1995).

Service of process on some of the partners in a general partnership is sufficient to properly commence a civil action against the partnership that will be binding on the partnership assets and the partners served. CH2M Hill, Inc. v. Black & Veatch, 206 Wis. 2d 370, 557 N.W.2d 829 (Ct. App. 1996), 95-2619.

The existence of a parent-subsidiary corporate relationship does not automatically establish the subsidiary as an agent of the parent for purposes of receiving process. Conservatorship of Prom v. Sumitomo Rubber Industries, Ltd., 224 Wis. 2d 743, 592 N.W.2d 657 (Ct. App. 1999), 98-0938.

A corporation whose offices were located on the 23rd floor of an office building was not properly served under sub. (5) (a) when the papers were left with a security guard in the building lobby who stated that he was authorized to accept service. Bar Code Resources v. Ameritech Information Systems, Inc., 229 Wis. 2d 287, 599 N.W.2d 872 (Ct. App. 1999), 98-1314.

Service on a limited partnership is governed by sub. (6), not ch. 179. Sub. (6) requires service upon all the general partners known to the plaintiff. When the only person served was a maintenance man, service was insufficient. Carmain v. Affiliated Capital Corp., 2002 WI App 271, 258 Wis. 2d 378, 654 N.W.2d 265, 01-3077.

Personal jurisdiction over a body politic may be obtained by service of the summons and complaint on an officer, director, or managing agent or by substitute service on a "person who is apparently in charge of the office." Service on a nonparty, even when it occurs erroneously in reliance on the mistaken direction of a person in the office of the defendant, does not constitute service on the defendant. Hagen v. City of Milwaukee Employee's Retirement System Annuity & Pension Board, 2003 WI 56, 262 Wis. 2d 113, 663 N.W.2d 268, 01-3198.

Neither s. 801.02 (1) nor this section allows a defendant who is being sued in a dual capacity, personally and officially, to be served in only one of those capacities. When an officer of a company received service on behalf of the company, receiving one copy of a summons and complaint, but was not served as an individual, although named individually, there was no jurisdiction over the defendant as an individual. Useni v. Boudron, 2003 WI App 98, 264 Wis. 2d 783, 662 N.W.2d 672, 02-1475.

Sub. (1) (d) permits substituted service on a natural person's agent who has actual express authority to accept service of summons for the principal. Apparent authority does not satisfy the requirement that the agent be "authorized by appointment" to accept service of summons. Mared Industries, Inc. v. Mansfield, 2005 WI 5, 277 Wis. 2d 350, 690 N.W.2d 835, 03-0097.

"Managing agent" as it appears in sub. (5) relates to an agent having general supervision of the affairs of the corporation. "Superintendent" and "managing agent" have corresponding meanings in the statute. Both terms relate to a person possessing and exercising the right of general control, authority, judgment, and discretion over the business or affairs of the corporation, either everywhere or in a particular branch or district. Richards v. First Union Securities, Inc., 2006 WI 55, 290 Wis. 2d 620, 714 N.W.2d 913, 04-1877.

The guiding principle in reasonable diligence cases is that, when pursuing any leads or information reasonably calculated to make personal service possible, the plaintiff must not stop short of pursuing a viable lead or, in other words, stop short of the place where if the diligence were continued it might reasonably be expected to uncover an address of the person on whom service is sought. Loppnow v. Bielik, 2010 WI App 66, 324 Wis. 2d 803, 783 N.W.2d 450, 09-0747.

This chapter explicitly applies to a certiorari action initiated by the filing of a summons and complaint. Special circumstances cannot establish personal jurisdiction in a certiorari action when the defendant has not been served in accordance with this section. Bergstrom v. Polk County, 2011 WI App 20, 331 Wis. 2d 678, 795 N.W.2d 482, 09-2572.

Publication of the summons and complaint in this case failed to meet the requirements of sub. (1) (c), requiring vacation of a default judgment. While the plaintiff asserted that the newspaper used was the predominant newspaper to publish legal notices in the Milwaukee metropolitan area, it failed to provide any evidence to that effect. The undisputed record as it stood at the time of the default judgment failed to establish that publication in a newspaper "printed and published daily in the City of Milwaukee, in said county" would have been likely to provide notice to a resident of Menomonee Falls in Waukesha County. PHH Mortgage Corp. v. Mattfeld, 2011 WI App 62, 333 Wis. 2d 129, 799 N.W.2d 455, 10-0612.

Service by publication and mailing under sub. (1) (c) requires both publication and mailing to the defendant's "known" address. An error in the address used dur-